**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| SUSAN L. BITSKY,<br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK INC. and NOVO NORDISK A/S,<br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-07479 |

---

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): ___Susan L. Bitsky________________________ __________.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ________________________________________________________________,
as ____________________________ of the estate of ____________________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ________________________________________________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ________________________________________________________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

__X__ Novo Nordisk Inc.

__X__ Novo Nordisk A/S

__ _ __ Eli Lilly and Company

__ _ __ Lilly USA, LLC

_____ other(s) (identify): ____________________________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

_ Friendship, Wisconsin_______________________________________________

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

__Wisconsin_______________________________________________

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

__Wisconsin_______________________________________________

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

__ Friendship, Wisconsin _______________________________________________

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_______________________________________________

_______________________________________________

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

__ United States District Court for the Western District Court of Wisconsin

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules): ______________________________________________________________________

______________________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

__ ____ ______________________________________________

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X__ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ________________________________________

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

_September of 2023 to October of 2023______________________ ___________

____________________________________________________________

____________________________________________________________

____________________________________________________________

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

__X__ Gastroparesis

_____ Other gastro-intestinal injuries (specify) ______________________

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) ______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ____________________________________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

__October of 2023_________________________ _________________________

____________________________________________________________________

____________________________________________________________________

____________________________________________________________________

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

__X__ Injury to person represented

__X__ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ____________________________________________

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X__ Count I: Failure to Warn – Negligence

__X__ Count II: Failure to Warn – Strict Liability

__X__ Count III: Breach of Express Warranty/Failure to Conform to Representations

__X__ Count IV: Breach of Implied Warranty

__X__ Count V: Fraudulent Concealment/Fraud by Omission

__X__ Count VI: Fraudulent/Intentional Misrepresentation

__X__ Count VII: Negligent Misrepresentation/Marketing

__X__ Count VIII: Strict Product Liability Misrepresentation/Marketing

__X__ Count IX: Innocent Misrepresentation/Marketing

__X_ Count X: Unfair Trade Practices/Consumer Protection (see below)

__X__ Count XI: Negligence

__X__ Count XII: Negligent Undertaking

__X__ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

______________________________________________

______________________________________________

______________________________________________________________

______________________________________________________________

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

______Wisconsin Statute § 100.18__________ ________________________

______________________________________________________________

______________________________________________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

______See Attached "Attachment A"_____________________________

______________________________________________________________

** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Wisconsin Statute § 895.047

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Count VIII: Strict Product Liability Misrepresentation/Marketing

Count II: Failure to Warn – Strict Liability

c. Identify the factual allegations supporting those claims:

Defendants' product was defective due to inadequate warning and/or instructions because the foreseeable risks of harm associated with the use of the product could have been reduced or avoided by the provision of reasonable warnings or instructions, and the omission of such warnings or instructions rendered the products not reasonably safe. The defective condition rendered the products unreasonably dangerous to users and consumers. The defective condition existed at the time the product left the control of Defendants, and the products reached Plaintiff without substantial change in the condition in which they were sold. The defective condition was a cause of Plaintiff's injuries and damages. Defendants marketed and represented the product as safe and

effective despite failing to adequately disclose or warning of the foreseeable risks associated with its use.

** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? ___N/A_____. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: ___September 28, 2026____

THE GORI LAW FIRM, P.C.

*/s/ Evan D. Buxner*
Evan D. Buxner, IL#6221006 (Pro Hac Vice)
The Gori Law Firm, P.C.
156 N. Main Street
Edwardsville, IL 62025
Ph: 618-659-9833
Fax: 618-659-9834
evan@gorilaw.com

*/s/ N. Ryan Mayfield*
N. Ryan Mayfield, IL#6310356 (Pro Hac Vice)
The Gori Law Firm, P.C.
156 N. Main Street
Edwardsville, IL 62025
Ph: 618-659-9833
Fax: 618-659-9834
rmayfield@gorilaw.com

*Attorneys for Plaintiff*